IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.

WILFREDO RENOVALES,

            Defendant.

12-CR-192-A

## PLEA AGREEMENT

The defendant, WILFREDO RENOVALES, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Counts 1 and 3 of the Superseding Indictment, which charges:

a.    In Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute cocaine), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment and a term of supervised release of 3 years and up to life; and

b.    In Count 3, a violation of Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), for which the mandatory minimum sentence is a term of imprisonment of 5 years and the maximum possible sentence is a term of imprisonment of life, such sentence to be imposed consecutively to any

other term of imprisonment, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years.

    c.    The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

    2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

    3.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

## II. ELEMENTS AND FACTUAL BASIS

    4.    The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

**With regard to Count 1 of the Superseding Indictment:**

a.    that the defendant possessed a controlled substance;

b.    that the defendant knew he possessed a controlled substance; and

c.    that the defendant intended to distribute the controlled substance.

**With regard to Count 3 of the Superseding Indictment:**

a. that the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States; and

b. that the defendant knowingly possessed a firearm in furtherance of this drug trafficking crime.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

a. On February 4, 2012, Lackawanna police officers met with the defendant, Wilfredo Renovales, after a confidential source informed law enforcement that Renovales was in possession of a large quantity of cocaine. During the initial interview, Renovales admitted that he was storing cocaine at a friend's residence and directed law enforcement to the residence located at 62 Eagan Drive. The defendant entered the residence and returned shortly after with 487.6 grams of cocaine. Renovales informed law enforcement that he was storing the substance for a narcotics trafficker and that the substance was intended for distribution. The substance was seized by law enforcement, and laboratory reports confirm that the substance contained cocaine hydrochloride. The defendant also admits that, at various times when he was not in custody between February 4, 2012, and July 2, 2014, the defendant possessed cocaine with intent to distribute it to others.

b. During June 2014, the FBI was notified by a confidential source that the defendant was continuing his involvement in the distribution of cocaine and heroin and was in possession of an illegal firearm. On July 1, 2014, the FBI observed the defendant enter and depart the residence located at 376 Dorrance Avenue. Agents then searched the residence and located a case containing a Rock River Arms LAR-9, 9mm Nato caliber rifle, bearing serial number CM22234, and ammunition, concealed under vegetation behind the garage. The renters of 376 Dorrance Avenue denied having any knowledge the firearm was at the location. The defendant subsequently admitted to investigators that he placed the firearm there, and the defendant further admits to possessing the firearm in furtherance of his drug trafficking activities. Specifically, the defendant possessed the firearm

3

for protection as a result of his disputes with other individuals involved in illegal drug trafficking activity.

c.   At least 400 but less than 500 grams of cocaine is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Superseding Indictment which could be readily proven by the government against the defendant.

d.   The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

## III. SENTENCING GUIDELINES

6.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.   Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(9) apply to the offense of conviction and provide for a base offense level of 22.

## U.S.S.G CHAPTER 3 ADJUSTMENTS

8.   The government and the defendant agree that the 3 level upward adjustment of Guidelines § 3C1.3 (commission of offense while on release) applies to the offense of conviction in Count 1.

## ADJUSTED OFFENSE LEVEL

9.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level is 25.

4

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 22 for Count 1 of the Superseding Indictment.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if he is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that for Count 1 of the Superseding Indictment, with a total offense level of 22 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 41 to 51 months, a fine of $7,500 to $1,000,000 and a period of supervised release of 3 years.

13.   The government and the defendant further agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 3 of the Superseding Indictment and provides that the Guideline sentence is the minimum term of imprisonment required by statute.  The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

14.   Based on the above, the aggregate sentencing range for the defendant is a term of imprisonment of 101 to 111 months (60 months on Count 3 to run consecutive to 41 to 51 months on Count 1), a fine of $10,000 to $1,000,000 and period of supervised release of 3 to 5 years.   Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

15.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreement to dismiss or not pursue any additional charges.

16.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

17.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances and the unlawful possession of firearms and ammunition, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

7

c.    advocate for a specific sentence consistent with the terms of this agreement; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.    At sentencing, the government will move to dismiss the remaining counts of Superseding Indictment 12-CR-192 pending against the defendant.

20.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

21.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.    The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence.    In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COOPERATION

24.     The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances and unlawful possession, use, or discharge of firearms. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

25.     The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.   The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

26.     In exchange for the defendant's pleas of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances and unlawful possession of firearms, committed up to the date of this agreement and about which the defendant provides complete and truthful information.   Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or an act of physical violence against the person of another, or conspiracy to commit an act of violence.

27.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

28.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least **3** levels as provided for in Guidelines § 5K1.1, and/or the imposition of a sentence below a mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e), from the equivalent total offense level **30** which, if granted by the Court, would result in an equivalent total offense level of **27** and a sentencing range, of **70** to **87** months imprisonment.   The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

29.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.   This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

30.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.   It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to

testify truthfully and completely. Should the defendant be sentenced prior to the completion

of the defendant's cooperation with the government, the defendant's obligation to comply

with the cooperation provisions of this agreement extends past sentencing.

      31.    In the event the government believes the defendant has violated any of the

conditions of the "Cooperation" section of this agreement, the government, in addition to its

other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a)

to modify any recommendation the government agreed to make in a motion pursuant to

Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition

the Court, before or after sentencing, for an order declaring that the defendant has breached

the "Cooperation" section and relieving the government of its obligations under this section.

      32.    In the event the government petitions the Court to declare that the defendant

has breached the "Cooperation" section of this agreement, whether the defendant has

violated any of the conditions of the "Cooperation" section shall be determined by the Court

in an appropriate proceeding at which any disclosures and documents provided by the

defendant shall be admissible and at which the government shall be required to establish any

violation by a preponderance of the evidence. In order to establish any violation by the

defendant, the government is entitled to rely on statements and information given by the

defendant pursuant to this agreement.

      33.    If the "Cooperation" section of this agreement is declared breached by the

Court:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.   the defendant has no right to withdraw the pleas of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.   Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, distribution or importation of controlled substances, transportation of firearms and unlawful possession of firearms which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

34.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

35.    The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII. FORFEITURE PROVISION

36.    The defendant acknowledges that the following property has been or will be subject to administrative forfeiture or abandonment proceedings:

a.    (1) Rock River Arms Inc., model LAR-9, 9mm semi-automatic rifle, bearing serial number CM222324, seized on or about July 1, 2014 at 376 Dorrance Avenue, Buffalo, New York.

b.    69 rounds of "PMC", .223 caliber ammunition, seized on or about July 1, 2014 at 376 Dorrance Avenue, Buffalo, New York.

c.    47 rounds of "CCI", 9mm ammunition, seized on or about July 1, 2014 at 376 Dorrance Avenue, Buffalo, New York.

The defendant agrees not to contest the administrative forfeiture or abandonment proceedings in any way.

37.    The defendant agrees that the above-described property is also subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.  The defendant further agrees to the destruction of the firearm and ammunition described above.

38.     The defendant agrees that in the event this plea agreement is voided for any

reason, the agreement for forfeiture, abandonment and disposition of the firearm and

ammunition survive and shall be given full force and effect.


## IX. TOTAL AGREEMENT AND AFFIRMATIONS

39.     This plea agreement represents the total agreement between the defendant,

WILFREDO RENOVALES, and the government. There are no promises made by anyone

other than those contained in this agreement.  This agreement supersedes any other prior

agreements, written or oral, entered into between the government and the defendant.


WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:  _____
       JOSEPH M. TRIPI
       Assistant United States Attorney

Dated: March 26, 2015



I have read this agreement, which consists of 16 pages.  I have had a full opportunity

to discuss this agreement with my attorney, E. Carey Cantwell, Esq.  I agree that it

represents the total agreement reached between myself and the government.  No promises

or representations have been made to me other than what is contained in this agreement.  I

understand all of the consequences of my plea of guilty.  I fully agree with the contents of

this agreement.  I am signing this agreement voluntarily and of my own free will.


WILFREDO RENOVALES
Defendant

Dated: March **26**, 2015


E. CAREY CANTWELL, ESQ.
Attorney for the Defendant

Dated: March **26**, 2015

16